FILED
Oct 27  4 12 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PEDRO HERNANDEZ, ET AL<br>Plaintiffs | :<br>:<br>: CIVIL NO. 301CV1773 (MRK)<br>: |
| V. | :<br>: |
| ROBERT BLOOM, ET AL<br>Defendants | : OCTOBER 24, 2003<br>: |

## DEFENDANTS TALLMADGE SEA & LAND CONSTRUCTION COMPANY, LEONEL MONTENEGRO AND ROBERT BLOOM'S PROPOSAL RE: DISCOVERY AND TRIAL

Pursuant to the court's order, the defendant Tallmadge Sea & Land Construction Company (Tallmadge Sea & Land), Leonel Montenegro, and Robert Bloom hereby submit its proposal regarding future discovery, dispositive motions and trial.

Thee are currently two separate and distinct actions pending before this court. The first action is a personal injury action brought by Pedro and Ossiris Hernandez against Tallmadge Sea & Land, Robert Bloom, Leonel Montenegro and Tallmadge Brothers, Inc. That action has been assigned docket number 3:01CV1773. The second action is a limitation proceeding brought by the owner

of the vessel, Tallmadge Brothers, Inc. against Pedro Hernandez and Ossiris Hernandez (3:02CV414). The defendants Tallmadge Sea & Land, Leonel Montenegro and Robert Bloom are not parties to the limitation action.

Since the limitation action was commenced, all discovery in the personal injury action has been stayed.[1]

The defendants Tallmadge Sea & Land, Leonel Montenegro and Robert Bloom request that the trials be conducted separately. This is primarily due to the fact that discovery and dispositive motions cannot be filed until after the limitation proceeding is decided. Separate trials would allow the defendants in the personal injury case to conduct discovery and file motions for summary judgment. The defendants take no position on when the trial of the limitation action should be conducted. However, the trial of the personal injury case cannot occur until after the defendants have been permitted to conduct discovery and file their anticipated Motion for Summary Judgment.

---

[1] The Court (Magistrate Smith) did allow the personal injury defendants to attend the deposition of plaintiff's neuropsychiatrst Diana Badillo Martinez and to depose the plaintiffs. While Dr. Martinez has been deposed, Tallmadge Sea & Land, Mr. Bloom and Mr. Montenegro have not deposed the plaintiffs.

The defendants anticipated discovery includes, but is not limited to:

1. Deposition of Pedro Hernandez;

2. Deposition of Ossiris Hernandez;

3. Deposition of Patricia Richards; and

4. Independent Medical Evaluation of Plaintiff Pedro Hernandez.

As far as issues common to both cases, the personal injury defendants are not parties to the limitation action and, therefore, decline to speculate as to the evidence that will be presented at the trial of that matter.

With regard to trial, the undersigned recently spoke with plaintiff's counsel who indicated that the plaintiffs want the personal injury action tried to a jury. The defendant Tallmadge Sea & Land, Mr. Bloom, and Mr. Montenegro also requests a jury trial. Accordingly, it would seem that trying both actions together would raise significant logistical problems including:

1. It would deprive the defendants in the personal injury action from conducting discovery and filing dispositive motions;

2. It would require the personal injury defendants to attend and participate in the limitation proceeding which only tangentially affects them; and

3. It would not avoid the potential for inconsistent factual findings as the court's factual findings in the limitation action could differ from the jury's findings in the personal injury action.

In the personal injury action, the defendants anticipate that the following persons will testify (the length of and subject matter of their testimony is also indicated):

1. Pedro Hernandez: incident and alleged injuries (1 full trial day);

2. Ossiris Hernandez: Mr. Hernandez's alleged injuries and loss of consortium claim (1/2 trial day);

3. Robert Bloom: ownership and operation of vessel, incident and injuries (1/2 trial day);

4. Leonel Montenegro: ownership, operation of vessel, incident and injuries (1/2 trial day);

5. Diana Badillo Martinez: plaintiff's alleged injuries (unknown);

6. Phillip Micalizzi, M.D.: plaintiff's alleged injuries (1/2 trial day);

7. Representatives of U.S. Coast Guard: incident and injuries (1 to 2 hours);

8. Representatives of U.S. Department of Environmental Protection, Boating Division, including, but not limited to, Joseph Ruggiero: incident and injuries (1 to 2 hours); and

9. Patricia Richards, M.D.: injuries (1/2 trial day).

The above list does not include the Defendant's independent medical examination physician. Further, the defendant may call additional witnesses depending on information obtained during discovery.

In sum, the defendants Tallmadge Brothers Sea & Land, Mr. Bloom and Mr. Montenegro request the following:

1. The limitation and personal injury actions be tried separately;

2. That the defendants be provided sufficient time following the trial of the limitation action to perform discovery; and

3. That the defendants be provided with sufficient time following the completion of discovery to file a Motion for Summary Judgment.

THE DEFENDANTS,
TALLMADGE SEA & LAND
CONSTRUCTION, ROBERT BLOOM
AND LEONEL MONTENEGRO

BY _____
MILES N. ESTY
ESTY & BUCKMIR, LLC
714 STATE STREET
NEW HAVEN, CT  06511
(203) 495-9999
CT #08867

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this date to all counsel of records as follows:

Edward L. Piquette, Esq.
1057 Broad Street
Bridgeport, CT 06604

John G. Ingram, Esq.
Healy & Baillie, LLP
The Llock Building, Suite 104
20 Marshall Street
South Norwalk, CT 06854-2282

_____
Miles N. Esty